11 F.3d 1070
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dwayne H. WILLIAMS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3303.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1993.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dwayne H. Williams appeals the initial decision of the Merit Systems Protection Board, No. DE0752920456-I-1, dated October 30, 1992, dismissing his appeal as outside the board's jurisdiction. The initial decision became final on March 9, 1993 when the board denied Williams' petition for review. We affirm.
 
 
 2
 This court reviews decisions of the Merit Systems Protection Board under a limited standard prescribed by statute. We must affirm a board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The March 25, 1992 settlement agreement provided, in relevant part, that Williams would "submit to unannounced drug testing, when requested by ... postal managers, which must be completed at least quarterly. Failure to have a drug free test or failure to report for test will be cause for removal." Williams admitted that on June 4, 1992, his supervisor requested that he take a drug test. Williams further admitted that he refused to submit to this test.
 
 
 4
 Before the board, Williams argued that he was entitled to have a union steward present at his drug test. The Administrative Judge determined that nothing in the last-chance agreement provided for or required such presence. Further, because the agreement was completely silent about union representation, the AJ concluded that Williams had no reasonable expectation of such representation and his failure to submit to the drug test was therefore a knowing and willful breach of the agreement. Finally, the AJ held that Williams' signing of the agreement was in no way coerced by the Postal Service and that his participation in the agreement was voluntary. After concluding that the agreement was properly entered into and had been breached, the AJ dismissed the appeal pursuant to the agreement's explicit waiver of Williams' appeal rights to the board.
 
 
 5
 We agree with the board's legal conclusion that the agreement provided Williams no reasonable expectation to union representation at his drug test. Williams' argues on appeal, however, that he was entitled to consult with a union representative before administration of the test about the test method and whether the test could be conducted by Williams' own physician. Williams points to nothing in the last-chance agreement that might support this alternative contention. The agreement is silent about union representation either before or during the test, makes no mention of any particular test procedure, or the possibility that Williams could choose the test location. We conclude that the agreement gave Williams no expectation about these matters, and he breached it by failing to submit to the drug test.
 
 
 6
 The determination that Williams voluntarily entered into the last-chance agreement is supported by substantial evidence in the record and the board properly dismissed his appeal pursuant to the clear and explicit waiver of appeal rights.